UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiffs,

  v.

             Case No. 18-CR-31

KAREN TOMPKINS,

    Defendant.

---

SENTENCING MEMORANDUM

---

The defendant, Karen Tompkins, and her attorney, Adam C. Essling, submit the following sentencing memorandum in support of their recommendation for a sentence below the advisory guideline range and pursuant to the sentencing factors in 18 U.S.C. § 3553(a).

Specifically, the defendant is requesting that the Court impose a term of probation. If the Court feels that a period of confinement is necessary, the defendant would request that she be allowed to serve any period of confinement on home detention. The defense would also request that restitution be set in the amount of $40,841.00.

**<u>INTRODUCTION</u>**

On February 13, 2018, a fourteen count indictment was filed charging Karen Tompkins with Conspiracy to Commit Fraud (Count

One), and with Filing False Tax Returns in )Counts Two, Three

and Four).  Upon learning of the indictment, Ms. Tompkins made

arrangements through counsel to make her initial appearance.  On

February 21, 2018, Ms. Tompkins appeared for her arraignment and

was allowed to remain out of custody on a personal recognizance

bond.

On November 13, 2018, Karen Tompkins pled guilty to Counts

One and Two of the indictment.

## A.    Sentencing Guidelines.

The presentence report lists the defendant's advisory

guideline range as 30 to 37 months based on a total offense

level of 19 and criminal history category of I.  The defendant

has submitted an objection to the two point enhancement for her

role in the offense under §3B1.1(c). The defendant's advisory

guideline range without this enhancement is 24 to 30 months.

Section 3553 (a) states that the court shall impose a

sentence "sufficient, but not greater than necessary to comply

with the purposes of paragraph (2) of this subsection." 18

U.S.C. § 3553 (a).  The defendant submits that the sentencing

factors warrant a sentence below the applicable guideline range.

## B.    Nature of Offense.

Karen Tompkins does not dispute that this is serious

offense.  The government has calculated that the inflated

returns prepared by Ms. Tompkins led to a loss to the Internal

2

Revenue service of $40,841.00. (See ¶16). According to the discovery provided by the government, Ms. Tompkins was a paid $3,350.00 as the result of her involvement in this offense.

However, it should be noted this is a non violent offense and incarcerating Ms. Tompkins will not further the purposes or goals of the sentencing factors. This is particularly true when considering the personal characteristics of Ms. Tompkins.

It should also be noted that off the four defendants, Ms. Tompkins was received $3,350.00 from clients compared to $4,950.00 by Latoya Bush, $5,100.00 by Shalonda Burns, and $14,700.00 by Lori Ann Stringfellow.

**C.    Personal Characteristics.**

Karen Tompkins is fifty eight years old and not only has no prior criminal record, but she also has no prior contacts with the criminal justice system. She has four children and has thirteen grandchildren. While her children reside in Indiana she remains close to her children and is active in their lives. (See letter of Brittany Tompkins-Smith attached hereto)

Ms. Tompkins has struggled with depression and anxiety for over twenty years. Despite this she has always maintained employment and earned her Bachelor of Science through Upper Iowa University in 2015 while also being employed fulltime.

Ms. Tompkins has struggled to find employment since being indicted. She recently started working part time delivering

3

newspapers for the Milwaukee Journal Sentinel. While this is part time work, it shows that Ms. Tompkins is trying to move forward and is a hard worker.

Ms. Tompkins has been on bond for over a year now and has abided by the terms of her supervision. She has sought treatment again for her depression and has benefitted from that treatment. She is actively seeking better employment and is reporting as directed to the United States Probation Office.

Given her personal background it is admittedly difficult to understand how Ms. Tompkins became involved in the offense. Like a lot of people she had some financial difficulties. However, the personal gain to her was only $3,350.00. As noted in her version of the offense, some of her actions appear to have been driven by the sense that she helping clients who were in need.

**D.    Provide defendant with needed educational or vocational training or other correctional treatment.**

Section 3553 (a) requires the court to consider the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other treatment in *the most effective manner*.

Ms. Tompkins has already taken advantage of the United States Probation Office's assistance by seeking treatment for depression and anxiety. Ms. Tompkins recently obtained her college degree and is attempting to find better employment.

4

Incarcerating Ms. Tompkins will only result in a step backward from the recent progress she has made in her life.

**E.     The need for deterrence and the protection of public.**

Section 3553(a)(2)(B) and (C) require the court to consider the need for the sentence imposed to afford adequate deterrence and to protect the public from further criminal activity of the defendant.

The public does not need protection from further criminal activity of Karen Tompkins.  There is nothing to suggest that she will ever engage criminal activity again.  While there is general deterrence goal as well, Ms. Tompkins has been now been convicted of two felony offenses that will be with her for the remainder of her life.

**CONCLUSION**

Given all of the factors, the defendant respectfully requests the Court to impose a term of probation with any confinement being limited to period on home detention.


Dated at Milwaukee, Wisconsin this 10th day of March, 2019.

Respectfully submitted,


BY:   /s/Adam C. Essling
      Adam C. Essling
      Attorney for Defendant
      State Bar No. 1026865

P.O. Address:
10335 W. Oklahoma Avenue
Milwaukee, WI 53227

5

Telephone: (414) 272-3399