UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 18-CR-31

KAREN TOMPKINS,

    Defendant.

## SENTENCING MEMORANDUM

    Karen Tompkins developed and organized a scheme to defraud the United States government. The loss she caused runs into the hundreds of thousands of dollars, and the loss calculated here is not an extrapolation. It is instead an extremely conservative estimate supported by witness interviews. She prepared fraudulent returns herself. But perhaps more significantly, she roped in and trained her co-conspirators. There can be little doubt that Latoya Bush, for example, would never have appeared before this Court if she had not been hired and trained by Karen Tompkins. Tompkins also exposed the unsophisticated tax filers who trusted her, who came to her as an expert and deferred to her, to potential liability.

    Tompkins was charged in four counts of a fourteen-count indictment and has pled guilty to both conspiring to defraud the United States and to defrauding the United States by preparing and filing with the IRS false tax returns.

She is the most culpable perpetrator in a conspiracy to commit a serious crime. She did all this for years. And she should, therefore, serve a term of imprisonment at the bottom of, but within, the sentencing guidelines range.

I.   Nature and Circumstances of the Offense

As this Court is aware, Karen Tompkins led a scheme to defraud the United States by artificially inflating tax refunds in exchange for kickbacks. She did so by exploiting the Earned Income Tax Credit and diverting tax dollars from that program. Each of those dollars counted in our collective ledger as a dollar given to a deserving working poor person. To the most vulnerable among us. But because of Karen Tompkins, that was just not true.

There can be no doubt that the conspiracy was Tompkins's show. According to the Liberty Tax Services ("LTS") franchise owner, Gurmeet Chawla, Tompkins had been the manager of the 3929 N. Humboldt LTS location since it first opened. Tompkins trained new employees on tax preparation rules and laws and, as Chawla put it, the "office [was] totally handled by Karen." Some of Tompkins's trainees became tax return preparers (like Shalonda Burns and Latoya Bush) and others were used to backfill fraudulent supporting documents. For example, one witness, L.K., stated that Tompkins (and co-defendant Lori Ann Stringfellow) directed her to create fraudulent "invoices" to support claimed false (Schedule C) income that maximized the unearned Earned Income Credit. She stated she received, from Tompkins (and Stringfellow) a stack of printed Schedule C returns and was told by them to create income and expense invoices for each prepared tax return.

2

L.K. was told by Stringfellow and Tompkins that L.K. would be paid $200 cash for each income and expense invoice she created.

Further, in support of the kickbacks at the heart of the conspiracy, in late January 2015, Tompkins asked L.K. to accompany a woman to the check cashing store next door to the LTS branch. After cashing the tax refund check, the woman gave an envelope to L.K. who subsequently gave it to Tompkins. Tompkins opened the envelope and gave L.K. $200 from the envelope and thanked L.K. for her help.

Tompkins knew the scheme was illegal, she conducted it for years, and she told witnesses not to cooperate with law enforcement. A witness, K.G., told IRS Special Agent Matthew Rech that Tompkins instructed K.G. she should not tell the IRS anything that she may have heard or seen last year. There can be no doubt that Tompkins was in charge, that she knew what was going on, that she profited from it, and that she is the most culpable member of the conspiracy.

Finally, as mentioned above, it is significant that conspiracy depends on the Earned Income Credit. Because the conspiracy itself thereby threatens the fabric of one of the United States' largest and most important subsidies to the working poor. The IRS estimates that between 21 percent to 26 percent of Earned Income Tax Credit claims are paid in error. *See* EITC and Other Refundable Tax Credits, Fraud (available at https://www.eitc.irs.gov/tax-preparer-toolkit/frequently-asked-questions/fraud/fraud). While some of these errors are undoubtedly unintentional, some, like those created by Tompkins and at her direction, were not. That is a tragic misuse of resources that should be going to help people who truly need them.

3

Case 2:18-cr-00031-PP    Filed 03/11/19    Page 3 of 4    Document 95

II. History and Characteristics of the Defendant

Karen Tompkins has no criminal history, has an admirable work history, and has out-of-state children and grandchildren. Little there distinguishes her from her fellow white collar offenders. She is a sophisticated person who knew precisely what she was doing. She has a college degree and had been a tax preparer for years before the commencement of this scheme. She is fully culpable for her crime. Nothing about her distinguishes her from an average white collar defendant; there is, therefore, no basis upon which to vary from the sentencing guidelines range in this case that would not apply in every case.

III. Restitution

Tompkins led and directed the conspiracy and should be liable to the IRS for the full restitution amount of $384,528. *See* 18 U.S.C. § 3663(a)(3) and USSG §5E1.1.

Respectfully submitted at Milwaukee, Wisconsin, this 19th day of February, 2019

        MATTHEW D. KRUEGER
        United States Attorney

By: *s/Benjamin Taibleson*
     Benjamin Taibleson
     Assistant United States Attorney
     Office of the United States Attorney
     Eastern District of Wisconsin
     517 East Wisconsin Avenue, Room 530
     Milwaukee, WI 53202
     Telephone: (414) 297-1700
     Fax: (414) 297-1738
     benjamin.taibleson@usdoj.gov